UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THERESA LEE, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 07-1893 (RMC) |
| | : |
| DISTRICT OF COLUMBIA, | : |
| | : |
| Defendant. | : |

**DEFENDANT'S ANSWER TO COMPLAINT**

Defendant, by counsel, hereby answers Plaintiff's Complaint as follows (paragraph numbers below correspond to the paragraph numbers in the Complaint):

1-3. Defendant admits the existence of the statutes and regulations identified in paragraphs 1-3. The remaining allegations are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

4. Defendant admits the allegations in paragraph 4.

5. Defendant admits the allegations in paragraph 5.

6. Defendant admits that the District of Columbia is a municipal corporation. The remaining allegations in paragraph 6 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

7. Defendant admits that Michelle Rhee is being sued in her capacity as Chancellor of DCPS, but denies the remaining allegations in paragraph 7.

8. Defendant admits the allegations in paragraph 8.

1

9. The allegations in paragraph 9 are the pleader's characterizations of the Individualized Education Plan ("IEP"), which speaks for itself, to which no response is required. If a response is required, then the same are denied.

10. The allegations in paragraph 10 are the pleader's characterizations of the IEP, which speaks for itself, to which no response is required. If a response is required, then the same are denied.

11. Defendant is without sufficient knowledge and information to answer the allegations in paragraph 11 at this time.

12. The allegations in paragraph 12 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

13. The allegations in paragraph 13 are the pleader's characterizations of the administrative due process complaint, which speaks for itself, to which no response is required. If a response is required, then the same are denied.

14. The allegations in paragraph 14 are the pleader's characterizations of the administrative due process complaint, which speaks for itself, to which no response is required. If a response is required, then the same are denied.

15. Defendant admits the allegations in paragraph 15.

16. The allegations in paragraph 16 are conclusions of law and/or the pleader, and the pleader's characterizations of the administrative record transcript which speaks for itself, to which no response is required. If a response is required, then the same are denied.

17. The allegations in paragraph 17 are conclusions of law and/or the pleader, and the pleader's characterizations of the administrative record transcript which speaks

for itself, to which no response is required. If a response is required, then the same are denied.

18. The allegations in paragraph 18 are conclusions of law and/or the pleader, and the pleader's characterizations of the administrative record transcript which speaks for itself, to which no response is required. If a response is required, then the same are denied.

19. The allegations in paragraph 19 are the pleader's characterizations of the administrative record transcript which speaks for itself, to which no response is required. If a response is required, then the same are denied.

20. The allegations in paragraph 20 are the pleader's characterizations of the administrative record transcript which speaks for itself, to which no response is required. If a response is required, then the same are denied.

21. The allegations in paragraph 21 are the pleader's characterizations of the administrative record transcript which speaks for itself, to which no response is required. If a response is required, then the same are denied.

22. The allegations in paragraph 22 are the pleader's characterizations of the administrative record transcript which speaks for itself, to which no response is required. If a response is required, then the same are denied.

23. The allegations in paragraph 23 are the pleader's characterizations of the administrative record transcript which speaks for itself, to which no response is required. If a response is required, then the same are denied.

24. The allegations in paragraph 24 are the pleader's characterizations of the administrative record transcript which speaks for itself, to which no response is required. If a response is required, then the same are denied.

25. The allegations in paragraph 25 are the pleader's characterizations of the administrative record transcript which speaks for itself, to which no response is required. If a response is required, then the same are denied.

26. The allegations in paragraph 26 are the pleader's characterizations of the administrative record transcript which speaks for itself, to which no response is required. If a response is required, then the same are denied.

27. The allegations in paragraph 27 are the pleader's characterizations of the hearing officer's determination ("HOD"), which speaks for itself, to which no response is required. If a response is required, then the same are denied.

28. The allegations in paragraph 28 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

29. The allegations in paragraph 29 are the pleader's characterizations of the affidavits attached to the motion for reconsideration, which speak for themselves, to which no response is required. If a response is required, then the same are denied.

30. The allegations in paragraph 30 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

## COUNT I

31. Defendant incorporates as though restated each of the answers stated in paragraphs 1-30 above.

32. The allegations in paragraph 32 are the pleader's characterizations of the administrative due process complaint, which speaks for itself, to which no response is required. If a response is required, then the same are denied.

33. The allegations in paragraph 33 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

34. The allegations in paragraph 34 are the pleader's characterizations of the HOD, which speaks for itself, to which no response is required. If a response is required, then the same are denied.

35. The allegations in paragraph 35 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

36. The allegations in paragraph 36 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

37. The allegations in paragraph 37 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

## COUNT II

38. Defendant incorporates as though restated each of the answers stated in paragraphs 1 through 37 above.

39. The allegations in paragraph 39 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

40. The allegations in paragraph 40 are the pleader's characterizations of the Multidisciplinary Team ("MDT") Meeting Notes, which speaks for itself, to which no response is required. If a response is required, then the same are denied.

41.     The allegations in paragraph 41 are the pleader's characterizations of the administrative due process complaint, which speaks for itself, to which no response is required. If a response is required, then the same are denied.

42.     The allegations in paragraph 42 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

43.     The allegations in paragraph 43 are the pleader's characterizations of the HOD, which speaks for itself, to which no response is required. If a response is required, then the same are denied.

## COUNT III

44.     Defendant incorporates as though restated each of the answers stated in paragraphs 1 through 43 above.

45.     The allegations in paragraph 45 are the pleader's characterizations of the administrative record transcript which speaks for itself, to which no response is required. If a response is required, then the same are denied.

46.     The allegations in paragraph 46 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

47.     The allegations in paragraph 47 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

48. The allegations in paragraph 48 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

49. The allegations in paragraph 49 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

50. The allegations in paragraph 50 are the pleader's characterizations of the administrative record transcript which speaks for itself, to which no response is required. If a response is required, then the same are denied.

51. The allegations in paragraph 51 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

## COUNT IV

52. Defendant incorporates as though restated each of the answers stated in paragraphs 1 through 51 above.

53. The allegations in paragraph 53 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

54. Defendant admits that an administrative due process complaint was filed on April 9, 2007. Defendant is without sufficient knowledge or information to answer the remaining allegations in paragraph 54 at this time.

55. The allegations in paragraph 55 are the pleader's characterizations of the administrative record transcript and administrative due process complaint which speak

for themselves, to which no response is required. If a response is required, then the same are denied.

56. The allegations in paragraph 56 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

## COUNT V

57. Defendant incorporates as though restated each of the answers stated in paragraphs 1 through 56 above.

58. The allegations in paragraph 58 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

59. The allegations in paragraph 59 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

60. The allegations in paragraph 60 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

61. Defendant admits the hearing officer granted DCPS' counsel a motion for a directed verdict. The remaining allegations in paragraph 61 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

62. The allegations in paragraph 62 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

63. The allegations in paragraph 63 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

64. The allegations in paragraph 64 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

65. The allegations in paragraph 65 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

66. The allegations in paragraph 66 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

67. The allegations in paragraph 67 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

68. The allegations in paragraph 68 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

69. The allegations in paragraph 69 are the pleader's characterizations of the HOD which speaks for itself, to which no response is required. If a response is required, then the same are denied.

**BY WAY OF FURTHER ANSWER**, the Defendant denies all allegations of wrong-doing not otherwise responded to or admitted.

### FIRST AFFIRMATIVE DEFENSE

This Court is without jurisdiction because Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Hearing Officer's Decision is supported by substantial evidence in the administrative record and should be affirmed.

    Respectfully submitted,

    LINDA SINGER
    Attorney General
    for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        ***/s/ Edward P. Taptich***
        EDWARD P. TAPTICH [#012914]
        Chief, Equity Section II

        ***/s/ Amy Caspari***
        AMY CASPARI [#488968]
        Assistant Attorney General
        441 Fourth Street, N.W.
        Sixth Floor South
        Washington, D.C. 20001
        (202) 724-7794

December 14, 2007